UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILLIP J. KUBICO,

    Plaintiff,

v.

    Case No. 2:16-cv-910
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Kimberly A. Jolson

WILLIAM B. HOFFMAN, et. al,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 8). The Report and Recommendation (ECF No. 7) recommended denying Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) for failure to prosecute. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation.

### I.

Pro se Plaintiff Phillip J. Kubico, a prisoner at the Franklin Medical Center in Columbus, Ohio, brought this action under 28 U.S.C. § 1985 against Defendants, William B. Hoffman, John W. Wise, and Craig B. Baldwin. Kubico alleges that the Defendants, who are judges for Ohio Court of Appeals Fifth Appellate District, conspired to deny Kubico his civil rights when they denied his motion challenging the court's jurisdiction without a showing on the record. Mr. Kubico filed a motion for leave to proceed in forma pauperis by filling out the Court's form for non-prisoners. (ECF No. 2.) On November 17, 2016, Magistrate Judge Jolson issued an order explaining that Kubico's application was deficient under 28 U.S.C. § 1915(a)(2) because he did not complete the correct application form for prisoners and because he did not submit a certified

copy of the trust fund account statement for the 6-month period immediately preceding the filing of Complaint. (ECF No. 4.) The Clerk mailed Mr. Kubico the proper application along with the Magistrate Judge's Order. Magistrate Jolson explained to Mr. Kubico that failure to submit the correct application and trust fund account statement within thirty days would result in an assessment of the full filing fee or dismissal of the action for failure to prosecute if he did not comply. (*Id.* at 1–2 (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)).)

On January 3, 2017, after the Court received neither the full filing fee nor the requested application and trust found account statement, Magistrate Jolson issued a Report and Recommendation ("Rep. & Rec.") recommending that Mr. Kubico's claim be dismissed for failure to prosecute in accordance with the earlier order. (Rep. & Rec. at 1, ECF No. 7.) Mr. Kubico filed a timely objection, which is now before the Court for de novo review. (Plaintiff's Objection ("Objection"), ECF No. 8.)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor

2

syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

### III.

Mr. Kubico objects to the Magistrate Judge's classification of him as a prisoner and claims that the Court is procedurally denying him access to the Court. (Objection at 1.) He first argues that he is not a prisoner under the definition provided in 28 U.S.C. §1915(h), which defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." However, in his Complaint and non-prisoner application for forma pauperis status, Mr. Kubico lists as his contact information: Phillip J. Kubico # 285-939, FMC (Zone B) 1990 Harmon Blvd., P.O. Box 23651, Columbus, Ohio 43223. This address and contact information corresponds with the Franklin Medical Center, a part of the Ohio Department of Rehabilitation and Correction. Records with the Ohio Department of Rehabilitation & Correction confirm that Mr. Kubico has been incarcerated in Ohio since January 10, 1994 for crimes in which he was sentenced in Guernsey County, Ohio. Therefore, Mr. Kubico plainly meets the statute's definition of a prisoner.

Mr. Kubico further argues that the Court should not have presumed his status as a prisoner and contends that "the only determination to be made by a court is whether the statement in the affidavit/motion satisf[ies] the requirement of poverty." (Objection at 1.) The statute that allows prisoners to apply for in forma pauperis status provides:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). The Sixth Circuit further clarified the procedures that a prisoner must take to proceed in forma pauperis. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). There, the Court held that "[w]hen a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed in forma pauperis 'without prepayment of fees or security therefor' under 28 U.S.C.A. § 1915(a)(1)." *Id.* at 1131. Ultimately, "[p]ayment of litigation expenses is the prisoner's responsibility." *Id.* at 1132. If a prisoner fails to file the required forms, "the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees," as the Magistrate Judge did here. It is irrelevant that Mr. Kubico did not explicitly identify himself as a prisoner to the Court or that he does not wish to be categorized as such. The statute simply defines who is a "prisoner" and thereafter instructs all persons meeting that definition on how to apply for in forma pauperis status. § 1915(a)(2). It does not allow a prisoner to choose how he is classified. Because Mr. Kubico is a prisoner, his objection is without merit.

Finally, Mr. Kubico claims that the Court treated his claim as arising under 28 U.S.C. § 1983, rather than 42 U.S.C. § 1985 as filed, but upon review of the record the Court finds no such reference. In any event, this distinction has no bearing on the issue of whether Mr. Kubico has met the requirements to proceed in forma pauperis.

## IV.

For the reasons stated above, Plaintiff's Objections to the Magistrate Judge's Report and

4

Recommendation are **OVERRULED.** (ECF No. 8.) Accordingly, the Report and Recommendation is **ADOPTED** and this action is **DISMISSED** for failure to prosecute.

**IT IS SO ORDERED.**

    2-17-2017
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT CHIEF JUDGE**